UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF A SUBPOENA
ISSUED TO UNITED STATES POSTAL
SERVICE IN CASE NO. C-662234, 21/D
BY 19TH JUDICIAL DISTRICT COURT,
PARISH OF EACH BATON ROUGE,
STATE OF LOUISIANA

MISCELLANEOUS ACTION NO.

19-113-JWD-EWD

## **RULING ON MOTION TO QUASH**

Before the Court is the United States' Motion to Quash Subpoena (the "Motion to Quash").[1] As no timely opposition or other response to the Motion to Quash has been filed, the Motion to Quash is considered unopposed.[2] For the reasons set forth herein, the Motion to Quash is granted.

On September 6, 2019, the United States of America (the "United States") filed a Notice of Removal removing "the proceedings on the subpoena issued to the United States Postal Service in the matter entitled *Christopher Brinson versus Freddie J. Campbell, Progressive Waste Solutions of LA, Inc., and ACE American Insurance Company*, Docket No. C-662234, Section 21, Division D, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana" (the "State Court Action") pursuant to 28 U.S.C. § 1442(a)(1).[3] The United States asserts that defendants in the State Court Action have served a subpoena on the United States Postal Service ("USPS") "seeking to have the Supervisor of the Baton Rouge USPS facility, a federal non-party, appear and testify at a deposition…."[4]

---

[1] R. Doc. 3.

[2] *See*, Local Civil Rule 7(f).

[3] R. Doc. 1.

[4] R. Doc. 1, ¶ 1. The United States only removed the state court proceedings related to the subpoena. *See*, 28 U.S.C. § 1442(d)(1) ("The terms 'civil action' and 'criminal prosecution' include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court."); *State of La. v. Sparks*, 978

Following removal, the United States filed the Motion to Quash, asserting that "the USPS is not a party to the underlying state court civil action, and per its valid *Touhy*[5] regulations, the USPS has withheld authorizing its USPS supervisor to provide testimony in response to the state court subpoena"[6] and that the "subpoena must be quashed on the independent ground of sovereign immunity."[7] "In the Fifth Circuit, it is well established that because the United States Government has not expressly waived its sovereign immunity with respect to state court-issued subpoenas, federal courts must quash subpoenas issued to federal officers removed from state court to federal court under 28 U.S.C. § 1442."[8]

Accordingly,

---

F.2d 226, 229, n. 6 (5th Cir. 1992) ("Removal was limited to the state court proceedings relating to Gsell's subpoenas. The underlying death penalty case itself, including Sparks' motion for a new trial, remains pending in the Louisiana courts.").

[5] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (subordinate federal officer cannot be held in contempt for failing to comply with a subpoena in reliance on federal regulations).

[6] R. Doc. 3-1, pp. 3-4.

[7] R. Doc. 3-1, p. 4.

[8] *Louisiana v. Durst*, Civil Action No. 15-1078, 2015 WL 4866724, at * 1 (E.D. La. May 1, 2015). *See*, *Sparks*, 978 F.2d at 235 (instructing district court to quash removed state court subpoenas issued to federal officer where there was "no indication that the United States Government has waived its sovereign immunity with respect to the state court subpoenas issued" and noting "myriad cases involving a § 1442(a) removal of a state subpoena proceeding against an unwilling federal officer have held that the sovereign immunity doctrine bars enforcement of the subpoena.") (collecting cases); *Louisiana v. Scire*, 15 F.3d 1078 at * 2 (5th Cir. 1994) (affirming district court decision to quash subpoenas issued to federal officer and explaining "[n]o waiver has been given; indeed, as the district court noted, the United States has 'invoked sovereign immunity specifically ... as reflected in its removal and motion to quash.' And, this court noted in *Sparks* that the very regulations cited *supra* 'evince an intent not to waive the Justice Department's sovereign immunity' in cases such as this one."); *Omni Pinnacle, LLC v. All South Consulting Engineers, LLC*, Civil Action No. 12-1617, 2012 WL 12296176, at * 1 (E.D. La. Sept. 7, 2012) (quashing subpoena and dismissing action where United States declined to authorize federal agent's subpoena pursuant to agency's *Touhy* regulations and explaining "[t]he Fifth Circuit has held that such agency regulations 'evince an intent not to waive the [agency]'s sovereign immunity.'" (citing *Sparks*, 978 F.2d at 235). *See also*, *Reverse Mortgage Solutions, Inc. v. Kennedy*, Civil Action No. 18-1265, 2018 WL 2086861 (E.D. Pa. May 4, 2018) (granting motion to quash where the Postal Service "declined to authorize [federal officer's] testimony at the hearing pursuant to regulations that govern the appearance of Postal Service employees as witnesses when the United States, Postal Service, or any other federal agency is not a party.") (citing 39 C.F.R. § 265.13 and 5 U.S.C. § 301).

**IT IS HEREBY ORDERED** that the United States' Motion to Quash Subpoena[9] is **GRANTED**.

The Clerk of Court is **INSTRUCTED** to close this miscellaneous action.

Signed in Baton Rouge, Louisiana, on October 29, 2019.

_____
ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

---

[9] R. Doc. 3.